## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN MIGUEL ARAUJO, | : | CIVIL ACTION NO. 3:CV-16-1786 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| Warden CRAIG LOWE, | : | |
| | : | |
| Respondent | : | |

### <u>MEMORANDUM</u>

Petitioner, a detainee of the Immigration and Customs Enforcement

("ICE"), currently confined in the Pike County Prison, Lords Valley, Pennsylvania,

filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. (Doc. 1). Araujo challenges his continued detention by the ICE. (<u>Id.</u>).

Because Petitioner's ninety (90) day removal period has yet to expire, the petition

will be dismissed as premature.

## I.   <u>Background</u>

On June 20, 2014, Petitioner was sentenced in the United States District

Court for the Eastern District of Rhode Island to a thirty-month term of

imprisonment based on his guilty plea to two (2) drug trafficking offenses. (Doc. 5-

2 at 3, Judgment in a Criminal Case). As a result of this arrest and conviction,

immigration officials were able to identify Petitioner as an individual who had entered the United States illegally, and charged him to be deportable under section 237(a)(2)(A)(iii) of the INA based on his criminal conviction and placed him in expedited removal proceedings under section 238(b).  (Doc. 5-2 at 9, Notice of Intent to Issue a Final Administrative Removal Order).

On May 12, 2015, an Assistant Field Office Director issued a Final Administrative Removal Order finding Petitioner to be deportable pursuant to section 237(a)(2)(A)(iii), concluding that his criminal conviction is an aggravated felony under section 101(a)(43)(B) of the INA.  (Doc. 5-2 at 12, Final Administrative Removal Order).

On September 24, 2015, Petitioner's case was referred to an immigration judge, to provide him an opportunity to present an asylum application.  (Doc. 5-2 at 14, Notice of Referral to Immigration Judge).  After a merits review of Petitioner's claim, an immigration judge determined that he was ineligible for withholding of removal and denied deferral of removal under the Convention Against Torture. (Doc. 5-2 at 17, Oral Decision of the Immigration Judge).  The immigration judge noted that Petitioner was previously ordered removed under section 238(b) and that

the charge of removability under section 237(a)(2)(A)(iii) was sustained by the ICE Field Director. (Doc. 6, Order of the Immigration Judge). Inevitably,

Petitioner filed an appeal from the Immigration Judge's order to the Board of Immigration Appeals (BIA) and the United States Court of Appeals for the Third Circuit. On June 9, 2016, the BIA affirmed the decision of the Immigration Judge. (Doc. 5-2 at 35, BIA Decision). Although Petitioner's appeal to the Third Circuit is pending, on August 18, 2016, that Court lifted a temporary stay of removal and denied Araujo's motion for stay of removal stating, "Petitioner has not shown in his motion that he has a likelihood of success on the merits of [his appeal]." (Doc. 5-2 at 37, Order.)

On August 29, 2016, Petitioner filed the above-captioned action, challenging his detention by immigration officials pending his appeal of his order of removal to the Third Circuit Court of Appeals. (Doc. 1, petition). Petitioner admits that he entered the United States illegally from the Dominican Republic, but nonetheless, claims immigration officials are incorrectly detaining him since July 21, 2015, under section 236(c) of the Immigration and Nationality Act (INA) without a bond hearing. Id. He asks the Court to order an Immigration Judge to conduct a bond hearing pursuant to § 236(a) of the INA. Id.

## II.     **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  See 8 U.S.C. §1231(a).  Section 1231(a)(1)(B) specifically provides:  The removal period begins to run on the latest of then following:

> (i)  The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. §1231(a)(1)(B).

At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§1231(a)(3) and (6).

In Zadvydas vs. Davis, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to

4

detain a removable alien indefinitely beyond the ninety (90) day removal period or

only for a period reasonably necessary to effectuate the alien's deportation.

Reasoning that the indefinite detention of aliens "would raise serious constitutional

concerns," the Court concluded that the statute "limits an alien's post-removal-

period detention to a period reasonably necessary to bring about the alien's removal

from the United States. It does not permit indefinite detention." Id. at 2498. The

Court asserted that "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized by statute." Id. at 2503. To establish uniformity in

the federal courts, the Court recognized six (6) months as a "presumptively

reasonable period of detention." Id. at 2505. The Court further directed that if the

alien provides good reason to believe that there is no significant likelihood of

deportation in the reasonably foreseeable future at the conclusion of the six (6)

month period, the burden shifts to the government to "respond with evidence

sufficient to rebut that showing." Id. The Court stated that not every alien must be

released after six (6) months; but, rather, an alien may still be detained beyond six

(6) months "until it has been determined that there is no significant likelihood of

removal in the reasonably foreseeable future."

Following the Supreme Court's decision in <u>Zadvydas</u>, regulations have been promulgated to meet the criteria established by the Supreme Court. <u>See</u> 8 C.F.R. §241.4. Prior to the expiration of the ninety (90) day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. §241.4(k)(1)(ii).

Petitioner's removal period began on June 9, 2016, the date the BIA denied his appeal. <u>See</u> 8 U.S.C. §1231(a)(1)(B)(i). However, the ninety-day removal period did not commence until August 19, 2016, when the Third Circuit lifted its temporary stay of removal upon deciding that Araujo did not satisfy the requirements for a stay of removal pending a decision on his petition for review. <u>See</u> <u>Wilson v. Green</u>, Civil Action No. 16-1906, 2016 WL 4571389 at * 2-3 (D.N.J. Sept. 1, 2016) (alien's detention during temporary stay of removal was governed by § 1226(c), but reverted to § 1231 when Third Circuit lifted temporary stay and denied motion for stay of removal) (citing <u>Leslie v. Attorney Gen. of the United</u>

States, 678 F.3d 265, 270 (3d Cir. 2012)).  Therefore, the ninety-day period of removal for Petitioner commenced on August 19, 2016, and expires on November 17, 2016.  Thus, his detention is mandatory pursuant to §1231 until November 17, 2016.  Petitioner brought this action before the ninety day period expired.  Moreover, he is still in the presumptively reasonable removal period of six (6) months established in Zadvydas.  Accordingly, his habeas petition is premature.  If Petitioner remains detained beyond the six (6) month period allowed by Zadvydas, he may file a new § 2241 petition reasserting that claim.  Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.


Dated: October 24, 2016                          /s/ William J. Nealon
                                                 **United States District Judge**